IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SHARON RHODES,                            *
4307 Oxford Drive                         *
Suitland, Maryland 20746                  *
                                          *
Plaintiff,                                *
                                          *
v.                                        *        Civil Action No.
                                          *
MICHAEL CHERTOFF                          *
Secretary,                                *
U.S. Department of Homeland Security      *
Washington, D.C. 20528                    *
                                          *
Defendant,                                *
*        *        *        *        *        *        *        *        *        *        *        *

## COMPLAINT

NOW COMES Plaintiff, Ms. Sharon Rhodes (herein referred to as "Rhodes" or "Plaintiff") by way of her attorney, Morris E. Fischer, Esq. and sues Michael Chertoff, in his official capacity (herein referred to as "Department" or "Defendant") and for reasons therefore states, that at all times mentioned in this complaint:

1. Plaintiff is an African-American female.

2. Plaintiff has been employed by the Defendant as a Management Analyst in the U.S. Immigration and Naturalization Service Branch since 1990 or before.

3. In 2005, Plaintiff is assigned to work, by herself, in a warehouse that had rat and bird feces, water damage, dust particles and wall to wall furniture and equipment which had been there for more than 30 years.

4. In the warehouse, Plaintiff was told to inventory everything in the building and was initially not given any protective gear while being told to clean out pigeon droppings.

5. Manual Sellars, a co-worker, described the location where Rhodes' worked as

"horrid" and as a law enforcement "trash can" where rats were present as well as two-inches of bird feces, and that the EPA found lead and asbestos in the building.

6.  In January or February, 2006, Plaintiff is given an assignment to inventory government property in D.C. and Virginia.

7.  Around the same time, Plaintiff learns she is being investigated for using a government vehicle for other than official purposes.

8.  When Plaintiff went to get the log to prove she came to work every day to check out a vehicle, thereby disproving the allegations that she improperly used a government vehicle, the logs could not be located.

9.  From June, 2006, through August, 2006, Plaintiff was investigated by the Inspector General for misuse of a government vehicle at the instigation of David Mahmoud, her former supervisor.

10. The investigation failed to find evidence the Plaintiff was, or had ever, misused a government vehicle.

11. On January 23, 2007, Plaintiff was drug tested, along with several other co-workers, despite the fact she was not a member of security personnel and therefore was not subject to the procedure.

12. In late January, 2007, Plaintiff's computer, e-mail address and telephone were taken away.

13. After January, 2007, Plaintiff failed to receive anymore work assignments

14. After January, 2007, her co-workers now simply walked by her in the office and did not speak.

15. On February 27, 2007 a Letter of Counseling was issued to Plaintiff, stating it would

not be maintained in her employee file.

16. On April 9, 2007, Plaintiff's computer equipment was returned.

17. On June 26, 2007, Plaintiff filed an EEO complaint.

18. From July 13, 2007, until September 11, 2007, the EEO conducted its investigation.

19. On August 8, 2007, a Memorandum cancelling the February 27, 2007 Letter of Counseling was finally issued, stating that the counseling letter will immediately be removed from the Plaintiff's employee file.

20. On April 16, 2008 pursuant to the request of the Plaintiff the EEO dismissed the hearing request in the matter and remanded to the agency for a final decision. See Exhibit "A."

21. As of the filing of this complaint, the Plaintiff has not received the final agency decision, and more than forty (40) days have passed since it was remanded to the agency.

## Count I
## Discrimination Based on Race in Violation of Title VII of the Civil Rights Act of 1964

Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

1. Plaintiff is and at all times relevant hereto is an African American.

2. Defendant's actions significantly changing Plaintiff's job duties, investigating her for improper use of a government vehicle, drug testing her, and taking away her office equipment were based on her race.

3. The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and

privileges of her employment.

4.  Other similarly situated employees not of Plaintiff's race were not subject to the same conditions of employment as Plaintiff.

5.  A causal connection exists between Defendant's actions in significantly changing Plaintiff's job duties, investigating her for improper use of a government vehicle, drug testing her, and taking away her office equipment and Plaintiff's race.

6.  Defendant's aforementioned conduct and statements reflect directly on a discriminatory attitude toward Plaintiff.

7.  Defendant's aforementioned conduct and statements reflect directly on the contested employment decision.

8.  Defendant's actions constituted a violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) *et seq.*

9.  Defendant's aforementioned actions caused damages to the Plaintiff.

10. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

WHEREFORE, Plaintiff prays that she be awarded the following relief: (a) a declaratory judgment that the conduct engaged in by Defendant, jointly and severally, was a violation of Plaintiff's legal rights; (b) an injunction enjoining Defendant from engaging in such conduct in the future; (c) An order directing the Defendant jointly and severally, to pay an award of statutory compensatory damages (pecuniary and non-pecuniary) up to the maximum amount permitted by statute; (d) an order Directing Defendant jointly and severally, to pay reasonable attorneys' fees and costs of this litigation; (e) punitive damages in the amount of $3,000,000.00;

(f) that Plaintiff be granted training opportunities; (g) that Plaintiff be granted advancement opportunities and (h) such other relief as the Court may deem just and appropriate.

## Count II
## Discrimination Based on Color in Violation of Title VII of the Civil Rights Act of 1964

Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

11.    Plaintiff is and at all times relevant hereto was a Black American.

12.    Defendant's actions significantly changing Plaintiff's job duties, investigating her for improper use of a government vehicle, drug testing her, and taking away her office equipment were based on her color.

13.    The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of her employment.

14.    Other similarly situated employees not of Plaintiff's color were not subject to the same conditions of employment as Plaintiff.

15.    A causal connection exists between Defendant's actions in significantly changing Plaintiff's job duties, investigating her for improper use of a government vehicle, drug testing her, and taking away her office equipment and Plaintiff's color.

16.    Defendant's aforementioned conduct and statements reflect directly on a discriminatory attitude toward Plaintiff.

17.    Defendant's aforementioned conduct and statements reflect directly on the contested employment decision.

18.    Defendant's actions constituted a violation of Title VII of the Civil Rights Act of

1964, and 42 U.S.C. § 2000(e) *et seq.*

19.     Defendant's aforementioned actions caused damages to the Plaintiff.

20.     In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

WHEREFORE, Plaintiff prays that she be awarded the following relief: (a) a declaratory judgment that the conduct engaged in by Defendant, jointly and severally, was a violation of Plaintiff's legal rights; (b) an injunction enjoining Defendant from engaging in such conduct in the future; (c) An order directing the Defendant jointly and severally, to pay an award of statutory compensatory damages (pecuniary and non-pecuniary) up to the maximum amount permitted by statute; (d) an order Directing Defendant jointly and severally, to pay reasonable attorneys' fees and costs of this litigation; (e) punitive damages in the amount of $3,000,000.00; (f) that Plaintiff be granted training opportunities; (g) that Plaintiff be granted advancement opportunities and (h) such other relief as the Court may deem just and appropriate.

## Count III
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964

Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

21.     Plaintiff has prior EEO activity in 2003, 2004, as well as allegations of discrimination made in union complaints made on an annual basis since 1995, or earlier.

22.     Defendant's actions significantly changing Plaintiff's job duties, investigating her for improper use of a government vehicle, drug testing her, and taking away her office equipment were based on her protected activity.

23.    The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of her employment.

24.    Other similarly situated employees who have not engaged in protected activity were not subject to the same conditions of employment as Plaintiff.

25.    Plaintiff's supervisors had knowledge of Plaintiff's prior protected activity.

26.    A causal connection exists between Defendant's actions in significantly changing Plaintiff's job duties, investigating her for improper use of a government vehicle, drug testing her, and taking away her office equipment and Plaintiff's prior protected activity.

27.    Defendant's aforementioned conduct and statements reflect directly on a retaliatory attitude toward Plaintiff.

28.    Defendant's aforementioned conduct and statements reflect directly on the contested employment decision.

29.    Defendant's actions constituted a violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) *et seq*.

30.    Defendant's aforementioned actions caused damages to the Plaintiff.

31.    In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

32. WHEREFORE, Plaintiff prays that she be awarded the following relief: (a) a declaratory judgment that the conduct engaged in by Defendant, jointly and severally, was a violation of Plaintiff's legal rights; (b) an injunction enjoining Defendant from engaging in such

conduct in the future; (c) An order directing the Defendant jointly and severally, to pay an award of statutory compensatory damages (pecuniary and non-pecuniary) up to the maximum amount permitted by statute; (d) an order Directing Defendant jointly and severally, to pay reasonable attorneys' fees and costs of this litigation; (e) punitive damages in the amount of $3,000,000.00; (f) that Plaintiff be granted training opportunities; (g) that Plaintiff be granted advancement opportunities and (h) such other relief as the Court may deem just and appropriate.

_____
Morris E. Fischer, Esq.
MD Bar No. 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(240) 235-7074 fax

## Jury Demand

Plaintiff herein demands a jury trial on all issues.

_____
Morris E. Fischer, Esq.
MD Bar No. 26286
Air Rights Center
4550 Montgomery Avenue
Suite 601N
Bethesda, MD 20814
(301) 469-3498 phone
(240) 235-7074 fax

EXHIBIT "A"



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1801 L Street, N. W., Suite 100
Washington, D. C. 20507
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Washington Status Line: (866) 408-8075
Washington Direct Dial: (202) 419-0713
TTY (202) 419-0702
FAX (202) 419-0740

# FACSIMILE COVER SHEET

**TO:**   Rebecca Dorsky, Esq.
Attorney for Agency

Morris Fischer, Esq.
Attorney for Complainant

**MATTER:**   *Sharon Smith v. Department of Homeland Security*

**FROM:**   CYNTHIA G. MCKNIGHT, ADMINISTRATIVE JUDGE
Telephone: 202-419-0730
Fax:   202-419-0739

**DATE:**   April 16, 2008

**RE:**   Order on Dismissal of Hearing Request

**No. Pages:**   2 plus cover

**COMMENTS:**

The information contained in this facsimile message is protected by the attorney-client/work product privilege. It is intended for the use of the addressee only and the privilege is not waived by virtue of this having been sent by facsimile. If the person receiving this communication is not the named recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited and unauthorized. If you have received this communication in error, please notify the sender immediately and return the original message to us at the above address.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1801 L Street, N. W., Suite 100
Washington, D. C. 20507
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Washington Status Line: (866) 408-8075
Washington Direct Dial: (202) 419-0713
TTY (202) 419-0702
FAX (202) 419-0740

Sharon Pinard,                          )
          Complainant,                  )
                                        )      EEOC No.570-2008-000161X
                                        )      Agency No. HS-07-ICE-001455
                                        )
                                        )
Michael Chertoff, Secretary             )
Department of Homeland Security,        )
          Agency,                       )

## ORDER OF DISMISSAL OF THE HEARING REQUEST

Per the request of complainant in correspondence to the undersigned indicating her desire to pursue her complaint in federal district court, the complainant's hearing request is hereby dismissed and this matter is remanded to the agency for a final agency decision. The agency's Report of Investigation will remain available for pick up for 30 days from today's date and thereafter, if not claimed, will be destroyed.

Date: It is so Ordered this 16th day of April 2008.

_Cynthia McKnight_
Cynthia G. McKnight
Administrative Judge
Tel. (202) 419-0730
Fax (202) 275-0076
e-mail: cynthia.mcknight@eeoc.gov

Order of Dismissal                                    2

By fax transmission this 16th day of April 2008 to:

Morris Fischer, Esq.
4550 Montgomery Avenue
Suite 660N
Bethesda, MD 20814

Rebecca Feldman, Esq.
Office of the Principal Legal Advisor
DHS-ICE
425 I Street, N.W. Room 6100
Washington, DC 20536

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

SHARON RHODES

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Prince George's County MD

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Morris Fischer, Esq   301-469-3498
4550 Montgomery Ave, Ste 601N, Bethesda, MD

**DEFENDANTS**

Michael Chertoff

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-01414
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/13/2008
Description: Employ. Discrim.

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP** FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)  OR  ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| □ G. *Habeas Corpus/ 2255*<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ H. *Employment Discrimination*<br><br>□ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ I. *FOIA/PRIVACY ACT*<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ J. *Student Loan*<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ K. *Labor/ERISA (non-employment)*<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ L. *Other Civil Rights (non-employment)*<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 Americans w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. *Contract*<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. *Three-Judge Court*<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

Ⓧ1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000 (Title VII) - discrimination based on race + color, as well as retaliation.

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23   DEMAND $ 4,000,000   Check YES only if demanded in complaint JURY DEMAND: Ⓧ YES □ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) □ YES Ⓧ NO   If yes, please complete related case form.

DATE 8/11/08   SIGNATURE OF ATTORNEY OF RECORD *Mauris F Fischer*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.