**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                  )
SHARON RHODES,                    )
                                  )
              Plaintiff,          )
                                  )
     v.                           )    Civ. Action No. 08-1414 (EGS)
                                  )
JANET NAPOLITANO,[1] Secretary    )
of Department of Homeland         )
Security,                         )
                                  )
              Defendant.          )
_____)

<u>**MEMORANDUM OPINION**</u>

Plaintiff Sharon Rhodes has brought discrimination and
retaliation claims pursuant to Title VII of the Civil Rights Act
of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against her
employer, defendant Department of Homeland Security.  Pending
before the Court is defendant's motion to dismiss, or, in the
alternative, to strike the complaint.  Upon consideration of the
motion, the response and reply thereto, the applicable law, the
entire record, and for the reasons stated below, the Court **GRANTS**
**IN PART AND DENIES IN PART** defendant's motion to dismiss and
**DENIES AS MOOT** the motion to strike.

**I.  BACKGROUND**

Plaintiff, an African-American female, has been employed by

---

[1]  Pursuant to Federal Rule of Civil Procedure 25(d),
Secretary Napolitano, in her official capacity as the Secretary
of the Department of Homeland Security, is automatically
substituted as the named defendant.

defendant as a Management Analyst in the U.S. Immigration and Naturalization Service Branch since 1990 or before.  Compl. at 1 ¶ 2.[2]  In her complaint, plaintiff alleges that defendant took a variety of adverse actions against her because of her race, color, and prior protected activity.[3]  *See* Compl. at 3-6 ¶¶ 2, 12, 21-22.

Specifically, plaintiff claims that (1) she was given undesirable work assignments in 2005 and early 2006, which included being assigned to work alone inventorying a warehouse containing "rat and bird feces, water damage, dust particles and wall to wall furniture and equipment which had been there for more than 30 years," Compl. at 1-2 ¶¶ 3, 6; (2) from approximately January 2006 through August 2006, defendant conducted an investigation into her alleged misuse of a government vehicle that culminated with a Letter of Counseling issued in February 2007,[4] *see* Compl. at 2 ¶¶ 6-9; (3) she, along with several other co-workers, was drug-tested on January 23, 2007, despite the fact

-----

[2] Plaintiff's complaint proceeds by numbering the paragraphs one through twenty-one and then, on page three, starts again at paragraph one in listing the allegations for each Title VII count.  For clarity, this Memorandum Opinion includes citations to both the page of the complaint and the corresponding paragraph number.

[3] In her administrative complaint, plaintiff also checked the boxes for "age" and "sex."  *See* Def.'s Ex. 2.  Those bases are not listed in the complaint before this Court, and therefore are not a part of this action.

[4] The complaint also alleges that plaintiff requested access to vehicle logs to prove that she had abided by the vehicle sign-out procedures, but was told the logs could not be located.  Compl. at 2 ¶ 8.

that personnel in her position were not normally subjected to drug tests, Compl. at 2 ¶ 11; (4) in late January 2007, her computer, email address, and work telephone were taken away and were not returned until April 2007, Compl. at 2-3 ¶¶ 12, 16; and (5) "[a]fter January" 2007, she stopped receiving work assignments and was ignored by her co-workers, Compl. at 2 ¶¶ 13-14.

Because of a discrepancy in the record, the date of plaintiff's initial contact with the Equal Employment Opportunity Commission ("EEOC") is somewhat unclear.  The EEOC Intake Form lists the date of initial contact as March 21, 2007.  Pl.'s Ex. D. However, plaintiff's administrative complaint, filed on June 26, 2007, lists the date of initial EEOC contact as April 9, 2007 — the same day that plaintiff's computer equipment was returned to her.  Def.'s Mem. at 3 & Ex. 2.  The EEOC's official investigation began on July 13, 2007 and was concluded on September 11, 2007. Compl. at 3 ¶ 18.  Plaintiff sought an EEOC hearing on her complaint, but on April 16, 2008, at plaintiff's request, the EEOC dismissed the hearing request and remanded the case to the agency for a final decision.  Compl. at 3 ¶ 20 & Ex. A.  No final action has been issued.  Compl. at 3 ¶ 21.

Plaintiff filed suit in this Court on August 11, 2008, alleging racial discrimination and retaliation under Title VII. On February 9, 2009, defendant filed a motion to dismiss or, in the alternative, to strike the complaint pursuant to Federal Rule

of Civil Procedure 11(a) on the basis that it was not signed by plaintiff or her attorney.  Defendant's motion is now ripe for decision.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading stating a claim for relief must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief'" in order to provide to the defendant "fair notice of the claims against" him.  *Ciralsky v. CIA*, 355 F.3d 661, 669, 670 (D.C. Cir. 2004) (quoting Fed. R. Civ. P. 8(a)); *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam).  "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).  In considering a 12(b)(6) motion, the Court must construe the complaint "liberally in the plaintiff's favor," "accept[ing] as true all of the factual allegations" alleged in the complaint.  *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008) (alteration in original) (quoting *Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 253 (D.C. Cir. 2008)).  Plaintiffs are entitled to "the benefit of all inferences that can be derived from the facts alleged."  *Kowal v. MCI*

*Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion because subject-matter jurisdiction focuses on the court's power to hear the claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). Where necessary to determine whether it has jurisdiction, the court may consider materials outside the pleadings. *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005).

## III.  DISCUSSION

Defendant contends that plaintiff failed to exhaust administrative remedies for all of the claims in her complaint, with the exception of any claim arising out of the Letter of Counseling she received in February 2007. Def.'s Mem. at 6-8. According to defendant, however, this claim must also be dismissed because the Letter of Counseling does not qualify as an adverse employment action and, in view of defendant's withdrawal of the letter in August 2007, is moot. Def.'s Mem. at 4-5. Finally, defendant argues that plaintiff's retaliation claim must be

dismissed because the complaint fails to allege a causal link between any activity protected under Title VII and a materially adverse action taken against plaintiff by defendant.  Def.'s Mem. at 8-11.  The Court will address each of these issues in turn.

### A.  Exhaustion of Administrative Remedies

"A federal employee filing a Title VII action must exhaust his or her administrative remedies before seeking judicial review."  *Brodetski v. Duffey*, 199 F.R.D. 14, 18 (D.D.C. 2001) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832-33 (1976)).  The administrative procedures that must be followed in this regard are laid out in Title 29 of the Code of Federal Regulations.  *See* 29 C.F.R. §§ 1614.101-110.  In particular, an aggrieved federal employee must initiate contact with an EEOC counselor within forty-five days of the date of the event believed to be discriminatory or retaliatory; for personnel actions, contact must occur within forty-five days of the effective date of the personnel action.  *Id.* § 1614.105(a)(1).  The EEOC counselor must then conduct a final interview within thirty days of the employee's contact with the EEOC.  *Id.* § 1614.105(d).

If the matter remains unresolved within that time frame, the EEOC counselor is required to notify the employee of her right to file an administrative complaint within fifteen days of such notice.  *Id.*  An administrative complaint must be signed and "sufficiently precise," identifying the aggrieved person and

6

describing the basis for the complaint.  *Id.* § 1614.106(c).  The administrative complaint may be amended at any time prior to the conclusion of the agency's "impartial and appropriate" investigation, which must be conducted and completed by the agency within 180 days of the filing of the complaint.  *Id.* § 1614.106(d) & (e)(2).  An employee may bring a civil action within 90 days of the receipt of notice of the EEOC's final action or 180 days after the filing of an administrative complaint if a final action has not been issued.  42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a)-(b).

As noted above, the date of plaintiff's initial EEOC contact is not clear from the record.  Assuming, however, that her initial contact was the earlier date of March 21, 2007 (the date alleged by plaintiff and indicated on the EEOC intake form), the Letter of Counseling is the only incident raised in plaintiff's complaint before this Court that is clearly covered by the forty-five day time limit set forth in 29 C.F.R. § 1614.105(a)(1).  Moreover, as defendant points out, plaintiff's administrative complaint explicitly relied on the Letter of Counseling as the basis for her claims.  *See* Def.'s Ex. 2 ("The action that was taken that I believe was discriminatory is . . . [the] letter of Counseling titled 'Misuse of Government Vehicle.'").  Therefore, according to defendant, only claims arising from the Letter of Counseling have been properly exhausted.

In her opposition to defendant's motion, plaintiff argues that "she did not limit her EEO administrative complaint to the Letter of Counseling."  Pl.'s Opp'n at 5.  Specifically, she contends that (1) when she filed her administrative complaint she was "essentially *pro se*," and that that complaint should therefore be construed liberally; and (2) the EEOC counselor's report set forth her claims in more detail, and that, viewing her administrative complaint in conjunction with the EEOC counselor's report, "it is clear that Plaintiff filed the claims raised in her Complaint in a timely fashion."  Pl.'s Opp'n at 5-6.

Plaintiff is correct that, in general, "[a] lenient standard applies in evaluating whether an aggrieved party's actions met his or her administrative exhaustion responsibilities."  *Brodetski*, 199 F.R.D. at 18.  The claims raised in a civil action must nevertheless be limited to those that are "like or reasonably related to the allegations of the [administrative complaint] . . . and growing out of such allegations."  *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (quoting *Cheek v. W. & S. Life Ins., Co.*, 31 F.3d 497, 500 (7th Cir. 1994)); *see Ellis v. Georgetown Univ. Hosp.*, Civ. No. 08-1174, 2009 WL 1916315, at *3 (D.D.C. July 6, 2009) ("'A vague or circumscribed EEOC charge will not satisfy the exhaustion requirement for claims it does not fairly embrace'" because that would "'circumvent the EEOC's investigatory and conciliatory role, as well as deprive the

charged party of notice of the charge.'" (quoting *Marshall v. Fed.
Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997))). In *Park*,
the D.C. Circuit explained the rationale for this limitation:

> Although it is true that the administrative charge
> requirement should not be construed to place a heavy
> technical burden on individuals untrained in negotiating
> procedural labyrinths, it is also true that the
> requirement of some specificity in a charge is not a
> mere technicality. A court cannot allow liberal
> interpretation of an administrative charge to permit a
> litigant to bypass the Title VII administrative process.

*Id.* (internal citations and quotation marks omitted).

Viewing plaintiff's administrative complaint with these
principles in mind, the Court concludes that defendant's
investigation of plaintiff's allegedly improper use of a
government vehicle is sufficiently "like or reasonably related to"
the allegations in the administrative complaint to be included as
part of her claims before this Court. The administrative
complaint makes clear that the Letter of Counseling was issued as
a result of plaintiff's alleged misuse of a government vehicle,
and a reasonable inquiry into the substance of her complaint would
have led the agency to the investigation that preceded the Letter
of Counseling. Plaintiff's administrative complaint was
sufficient to put defendant on notice of these claims, and the
exhaustion standard has therefore been met. *See Brodetski*, 199
F.R.D. at 19-20 (noting that "courts require only that a[n
administrative] complaint be adequate to put the agency on notice
and that the agency be given an opportunity to respond out of

court," and concluding the plaintiff had met these requirements by submitting to the agency five detailed letters chronicling discrete instances of alleged retaliatory employment actions within the forty-five day time frame).

Plaintiff's attempt to further expand the scope of her exhausted claims by reference to the EEOC counselor's report is unavailing, however.  Plaintiff cites *Mills v. Winter*, 540 F. Supp. 2d 178 (D.D.C. 2008), in support of her contention that the Court may properly look to the report in determining whether particular discrimination claims have been exhausted.  *See* Pl.'s Opp'n at 6.  The administrative complaint in that case specifically listed two instances of discrimination, one of which was generally described as a denial of promotion.  *Mills*, 540 F. Supp. 2d at 184.  In a footnote, the *Mills* court explained that although the administrative complaint was "unclear as to what comprises the second incident underlying plaintiff's discrimination and retaliation claims," the EEOC counselor's report revealed the factual basis for the denial-of-promotion claim.  *Id.* at 184 n.3.  The court thus relied on the report only to "interpret[t] the language of" the administrative complaint. *Id.*  In other words, the court in *Mills* did not create an entirely new claim; it simply clarified an existing claim.

Here, the only "discriminatory action" explicitly listed in plaintiff's administrative complaint was the Letter of Counseling.

The complaint made reference to a number of other incidents, but these allegations appeared in the section describing the "harm" resulting from the Letter of Counseling.  *See* Def.'s Ex. 2.  In particular, plaintiff alleged that as a result of the letter in February 2007, plaintiff was "removed from [her] office space, computer taken, and phone privileges eliminated."  Def.'s Ex. 2.  The administrative complaint also states that she was harmed by the letter because plaintiff's "associates stopped communicating with" her and that she "was ostracized from the work environment."  Def.'s Ex. 2.  This, however, is inconsistent with plaintiff's civil complaint, which alleges that the confiscation of her work equipment took place "in late January, 2007."  Compl. at 2 ¶ 12.  Plaintiff's own complaint therefore forecloses the possibility that the confiscation of her work equipment was caused by – or reasonably related to – the Letter of Counseling.  The timeline of events is further clarified by reference to the EEOC counselor's report, which (1) confirms the allegation in the civil complaint that the confiscation of her equipment occurred in January 2007, and (2) makes clear that other employees had stopped communicating with plaintiff "since January 2007."[5]  *See* Pl.'s Ex. C.

    Accordingly, the Court concludes that, except for the Letter

---

[5]  Applying the *Mills* approach in the instant case actually works to plaintiff's detriment, because the EEOC counselor's report resolves the conflict between the administrative and civil complaints by confirming the untimeliness of her EEOC contact.

of Counseling, all of the other incidents listed in the administrative complaint occurred outside the forty-five day time limit that spanned from early February 2007 through March 21, 2007.  Moreover, because these incidents preceded the Letter of Counseling rather than flowed from the letter, they are conceptually distinct and cannot be said to have grown out of the allegations relating to the letter.  These incidents are instead "discrete acts" that were not timely raised before the agency. *See Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 68 (D.D.C. 2007) ("The Title VII exhaustion requirement . . . 'precludes recovery for discrete acts of discrimination or retaliation that occur outside of the statutory time period' even when the acts 'are related to acts alleged in timely filed charges.'" (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 113 (2002)).[6]

In sum, the Court concludes that the vehicle investigation and Letter of Counseling are the only incidents that are "fairly embraced" within the administrative complaint and upon which a discrimination or retaliation claim in this Court may proceed. The remainder of plaintiff's claims will be dismissed for failure to exhaust administrative remedies.[7]

---

[6] The same is true of the allegations in plaintiff's complaint relating to (1) the undesirable work assignments she received in 2005 and 2006, (2) the drug test to which she was required to submit in January 2007, and (3) the denial of work assignments "after" January 2007.

[7] Although defendant preemptively argues that plaintiff is not entitled to equitable tolling, plaintiff makes no mention of

### B.   Plaintiff's Remaining Discrimination Claims

As a result of the investigation into plaintiff's alleged misuse of a government vehicle, plaintiff received and signed a Letter of Counseling — an official written record memorializing her misconduct.  *See* Compl. at 2 ¶ 15.  The Letter of Counseling warned plaintiff that future misconduct could result in disciplinary action, but also noted that the letter's function was to "correct . . . [and] deter" and would not be maintained in plaintiff's permanent record.  Def.'s Ex. 1.  On August 8, 2007, defendant issued a memorandum rescinding the Letter of Counseling and stating that the letter would be removed from plaintiff's employment file.  Compl. at 3 ¶¶ 16, 19.

Defendant contends that any discrimination claim based on the Letter of Counseling must be dismissed for failure to state a claim, because (1) the withdrawal of the letter renders any claim based on the incident moot, and (2) the letter does not constitute an adverse employment action, a required element of a Title VII claim of discrimination.  *See* Def.'s Mem. at 4.  The Court agrees.

Plaintiff makes only one attempt to rebut defendant's arguments, claiming that because the letter "has not been expunged from" plaintiff's personnel file, it may be used against her at a later date.  Pl.'s Opp'n at 4.  But this conclusory assertion is

_____

equitable tolling in her opposition brief.  This Court therefore declines to address the issue.

expressly contradicted by plaintiff's own complaint, in which she acknowledges that defendant issued a memorandum canceling the Letter of Counseling and stating that the letter would "immediately be removed from the Plaintiff's employee file." Compl. at 3 ¶ 19.  Plaintiff's complaint does not allege that the Letter of Counseling in fact remains in her personnel file, nor does she provide any support for her contention that a discrimination claim may proceed where the alleged harm on which the claim is based has been remedied.  To the contrary, the D.C. Circuit has explicitly held in an analogous circumstance that an employer may "cure" an adverse employment action before litigation commences, thus extinguishing any discrimination claim that may have otherwise been actionable.  *See Taylor v. Small*, 350 F.3d 1286, 1294 (D.C. Cir. 2003) (affirming a grant of summary judgment in favor of the employer where the plaintiff's supervisor "corrected the [erroneous performance] evaluation and paid the proper bonus before" the plaintiff filed the civil complaint, and highlighting that the goals of Title VII are served by giving employers the opportunity to remedy workplace wrongs prior to litigation).

The Court also agrees with defendant that even if the Letter of Counseling were a part of plaintiff's personnel file, the issuance or existence of the letter does not constitute an adverse employment action for the purposes of a discrimination claim.

Indeed, the caselaw in this Circuit makes clear that a written
warning or admonishment unaccompanied by discipline or any other
change in the terms or conditions of employment does not
constitute an adverse employment action.   *See, e.g.*, *Brown v.
Brody*, 199 F.3d 446, 458 (D.C. Cir. 1999) (affirming the district
court's conclusion that a letter of admonishment detailing
conflicts between the plaintiff and her supervisors, but
unaccompanied by a change in grade or salary, did not constitute
an adverse employment action; noting that a "thick body of
precedent . . . refutes the notion that formal criticism or poor
performance evaluations are necessarily adverse actions");
*Brodetski*, 199 F.R.D. at 21 (holding that a written warning from a
supervisor was not an adverse employment action because there was
"no evidence that the warning affected [the plaintiff's]
employment position or status"); *Walker v. Wash. Metro. Area
Transit Auth.*, 102 F. Supp. 2d 24, 29 (D.D.C. 2000) (concluding
that a letter of reprimand, later rescinded, was not an adverse
employment action because it did not affect the plaintiff's grade,
salary, title, duties, benefits, or working hours); *see generally
Taylor*, 350 F.3d at 1293 (noting that an adverse employment action
is "'a significant change in employment status, such as hiring,
firing, failing to promote, reassignment with significantly
different responsibilities, or a decision causing significant
change in benefits'" (quoting *Burlington Indus., Inc. v. Ellerth*,

15

524 U.S. 742 (1998)).  Plaintiff does not allege any facts from which she could establish that she experienced a "significant change" in her employment status after the Letter of Counseling was issued, and she has therefore failed to plead an actionable discrimination claim based on the letter.  For these reasons, the Court concludes that plaintiff has failed to state a discrimination claim based on the Letter of Counseling.[8]

## C.  Plaintiff's Remaining Retaliation Claims

To bring an actionable retaliation claim under Title VII, the plaintiff "must show that (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action by her employer; and (3) a causal connection existed between the two."  *Wiley v. Glassman*, 511 F.3d 151, 155 (D.C. Cir. 2007).  Defendant argues that any retaliation claim alleged in plaintiff's complaint must be dismissed for failure to state a claim, because plaintiff fails to allege facts from which she could prove that she suffered any adverse action that was caused by her engagement in protected activity.  Def.'s Mem. at 9-11.

Although it is well established that "'Title VII plaintiffs

---

[8]  The Court similarly concludes that any discrimination claim based on the investigation that preceded the Letter of Counseling must also be dismissed for failure to state a claim. Plaintiff's complaint makes no allegation from which it could be established that the investigation resulted in "a significant change in employment status" such that it could be considered an adverse employment action for the purposes of a Title VII discrimination claim.

need not plead each element of [a] prima facie case to survive a motion to dismiss,'" *Robinson-Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 14 (D.D.C. 2008) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)), it is equally true that the complaint "must allege facts that, if true, would establish the elements of each claim." *Id.* (internal quotation marks omitted); *see also Rattigan*, 503 F. Supp. 2d at 75 ("[T]he Court may explore the plaintiff's prima facie case at the dismissal stage to determine 'whether the plaintiff can ever meet his initial burden to establish a prima facie case.'" (quoting *Rochon v. Ashcroft*, 319 F. Supp. 2d 23, 29 (D.D.C. 2004), *rev'd on other grounds sub nom. Rochon v. Gonzales*, 438 F.3d 1211 (D.C. Cir. 2006))). Upon review of the complaint, the Court concludes that the liberal pleading standard for a retaliation claim has been met.

### 1.  Protected Activity

To establish a retaliation claim under Title VII, a plaintiff must allege facts demonstrating that she opposed a Title VII violation or participated in an investigation of such a violation. *See* 42 U.S.C. § 2000e-3 ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this

subchapter"). Here, plaintiff claims that she has made annual union complaints based on discrimination and has EEOC contact "on record" in 2003 and 2004. Compl. at 6 ¶ 21.

Defendant devotes substantial attention to arguing that because plaintiff has not alleged any retaliatory action postdating her most recent contact with the EEOC (beginning with her counseling session in March or April 2007), she cannot raise a cognizable retaliation claim. In other words, defendant argues that plaintiff cannot establish a causal link between her filing of the June 2007 EEOC complaint and any materially adverse action, because none of the incidents alleged in the complaint took place after that protected activity. Defendant's contention is based on an accurate statement of law, *see Ginger v. District of Columbia*, 477 F. Supp. 2d 41, 52 (D.D.C. 2007) ("To establish a causal connection, the adverse connection must take place *after* the employee's protected activity." (emphasis in original) (citing *Holcomb v. Powell*, 433 F.3d 889, 903 (D.C. Cir. 2006))), but a misreading of plaintiff's complaint. The retaliation claims in plaintiff's complaint are clearly based on her prior EEOC activity in 2003 and 2004 and her union complaints. *See* Compl. at 6 ¶ 21. These allegations are sufficient to establish that she engaged in prior protected activity.[9]

---

[9] Although a union complaint is not "categorically protected" under Title VII's anti-retaliation provision, it "may be considered protected activity if it alleges discrimination or

18

## 2. Materially Adverse Action

The complaint alleges a number of incidents that plaintiff claims are adverse actions; namely, the change in her job duties, the improper-use-of-a-government-vehicle investigation, the drug test, and the confiscation of her office equipment.  *See* Compl. at 7 ¶ 26.  As discussed in Section III.A, however, the only claims properly before this Court relate to the investigation of her vehicle use from January to August 2006 and the resulting Letter of Counseling she received in February 2007.

In *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 67 (2006), the Supreme Court made clear that the adverse-action requirement for a retaliation claim is broader than the adverse-employment-action prong of a Title VII discrimination claim.  *See id.* at 64 ("[T]he anti-retaliation provision [of Title VII], unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment.").  A plaintiff may satisfy the second prong of a *prima facie* case by showing "that a reasonable employee would have

---

another practice made unlawful under Title VII."  *Ramey v. Potomac Elec. Power Co.*, 468 F. Supp. 2d 51, 59 (D.D.C. 2006); *cf. Rattigan*, 503 F. Supp. 2d at 77 n.7 (noting that "opposition to an unlawful employment practice qualifies as protected activity even if it may have occurred outside of the EEO context" (internal quotation marks omitted) (citing *Broderick v. Donaldson*, 437 F.3d 1226, 1232 (D.C. Cir. 2006)).  The complaint meets this standard by claiming that plaintiff has made "allegations of discrimination . . . in union complaints on an annual basis since 1995, or earlier."  Compl. at 6 ¶ 21.

found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (adopting standard articulated by the D.C. Circuit in *Rochon*, 438 F.3d at 1219) (internal quotation marks omitted).

Taking the facts as alleged by plaintiff as true, she was the subject of an investigation that spanned many months in which defendant "failed to find evidence the Plaintiff was, or had ever, misused a government vehicle." Compl. at 2 ¶ 10. This investigation was followed by a Letter of Counseling which, although it was not maintained in her file or accompanied by a change in her employment status, threatened her with "more severe disciplinary actions, up to and including . . . removal from the Federal Service." Def.'s Ex. 1. The length and scope of this investigation and the tone of the Letter of Counseling might have deterred a reasonable employee from engaging in protected activity, and the adverse actions alleged in plaintiff's complaint therefore meet the "material adversity" standard set forth in *White*. *See Velikonja v. Gonzales*, 466 F.3d 122, 124 (D.C. Cir. 2006) (reversing dismissal of a retaliation claim where plaintiff alleged "that she was subject to a lengthy investigation" during which she was prevented from receiving promotions and quality assignments, and concluding that the claim was not subject to dismissal "[b]ecause a reasonable jury could find that the

prospect of such an investigation could dissuade a reasonable employee from making or supporting a charge of discrimination"); *Rattigan v. Holder*, 604 F. Supp. 2d 33, 52 (D.D.C. 2009) (rejecting the defendant's argument that a disciplinary investigation did not constitute a materially adverse action because it lacked the necessary "indicia of threat"; explaining that "whether an action is 'materially adverse' is determined by whether it holds a deterrent *prospect* of harm, and not by whether the harm comes to pass or whether any effects are felt in the present").

### 3. Causation

With respect to the causal-link requirement of a *prima facie* case, defendants rely on the fact that there is no temporal proximity between plaintiff's prior protected activity and the adverse actions alleged.  Def.'s Mem. at 9-10; *Mitchell v. Baldridge*, 759 F.2d 80, 86 (D.C. Cir. 1985) (explaining that a causal connection between protected activity and an adverse action "may be established by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity"); *see Woodruff v. Peters*, 482 F.3d 521, 529 (D.C. Cir. 2007) ("Temporal proximity can indeed support an inference of causation, but only where the two events are 'very close' in time . . . ." (quoting *Clark County School Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)).  This

argument, however, ignores the fact that "a close temporal connection is not the only way to prove causation.  'A plaintiff may also put forward direct evidence and disregard the presumption and its time limitations.'"  *Beckham v. Nat'l R.R. Passenger Corp.*, 590 F. Supp. 2d 82, 89 (D.D.C. 2008) (quoting *Vance v. Chao*, 496 F. Supp. 2d 182, 186 (D.D.C. 2007)).

Plaintiff alleges that defendant initiated the vehicle investigation and subsequently issued the Letter of Counseling in retaliation for her 2003 or 2004 EEOC activity and/or the annual union complaints she has made.  This is sufficient to survive a motion to dismiss.  *See Beckham*, 590 F. Supp. 2d at 89 (denying motion to dismiss because the plaintiff "satisfied her burden by alleging that she was denied benefits *because* of her opposition to actions made unlawful by Title VII" (emphasis in original) (internal quotation marks omitted)); *Vance*, 496 F. Supp. 2d at 186 (denying motion to dismiss a retaliation claim because "[a]t this early stage of the proceedings, plaintiff can meet her *prima facie* burden of causation simply by alleging that the adverse actions were caused by her protected activity").

### D.  Defendant's Motion to Strike the Complaint

Defendant moves in the alternative to strike plaintiff's complaint pursuant to Federal Rule of Civil Procedure 11(a) on the basis that the complaint was not signed by either plaintiff or her counsel.  That error was promptly corrected by plaintiff's

counsel, as evidenced by the fact that the complaint now appearing on the electronic docket, *see* Compl., Docket No. 1, bears the signature of plaintiff's counsel.  The Court will therefore deny defendant's motion to strike as moot.

### E.  Punitive Damages

Finally, defendant contends that "the request for punitive damages [in plaintiff's complaint] should be stricken because an award of punitive damages is beyond the Court's jurisdiction to award."  Def.'s Mem. at 11.  Plaintiff does not oppose this request, nor could she in view of 42 U.S.C. § 1981a(b)(1), which bars recovery of punitive damages from a government agency in an intentional employment discrimination suit.  Therefore, section (e) of paragraph 43 on page 8 of the complaint will be struck.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** defendant's motion to dismiss and **DENIES AS MOOT** defendant's motion to strike the complaint.  An appropriate Order accompanies this Memorandum Opinion.


Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **September 23, 2009**